Opinion issued April 2, 2009



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-07-01017-CR




ENRIQUE SANTI LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1105805



 
MEMORANDUM OPINION
          A jury convicted appellant, Enrique Santi Lopez, of murder.


 The jury also
sentenced appellant to 70 years in prison. In one point of error, appellant argues that
the trial court erred in admitting testimony of an extraneous bad act 
          We affirm. 
Background
          On February 24, 2007 at approximately 1:00 a.m., the complainant, Tammy
Reed, entered appellant’s residence. The complainant propositioned appellant for
money in exchange for sexual acts. After the sexual act was completed, appellant
gave the complainant 10 dollars. The complainant left the residence for
approximately 30 minutes and returned. When the complainant returned, she and
appellant had an argument. Appellant repeatedly struck the unarmed complainant in
the neck and head with a machete and dragged her body to another part of the
residence. At approximately 6:00 a.m., appellant went to the home of his employer,
Florencio Lopez, and told Lopez that he had killed the complainant. Lopez contacted
the Houston Police Department (“HPD”). HPD officers inspected appellant’s
residence and discovered the complainant’s body on the floor and a blood-stained
machete. After the police took him into custody, appellant gave an extensive
statement to HPD homicide investigator D. Padilla and admitted that he killed the
complainant with the machete. Appellant alleged that the complainant arrived with
an unidentified man and entered his residence through a window without his consent. 
Appellant told Padilla that he had consensual sex with the complainant, after which
she became aggressive and attacked him. Appellant stated that he killed the unarmed
complainant with the machete in self-defense.
          At trial, HPD Officer E. Garza testified that after appellant had given his
statement to Detective Padilla, he observed appellant repeatedly reach down into his
pants to fondle his genitals and smell the same hand while smiling in gratification. 
Appellant objected to Garza’s testimony as “characterization.” The trial court
sustained appellant’s objection, and the State instructed Garza to testify only about
what he directly observed. Garza continued his testimony and again explained how
appellant fondled his genitals inside his pants, and smelled his hand after doing so. 
After Garza completed this portion of his testimony, appellant’s counsel requested
that the trial court convene a bench conference. When the parties approached the
bench, appellant objected to the line of questioning as being an “extraneous bad act,
which has no relevance, more prejudicial than probative.” The trial court overruled
this objection. Appellant presented no evidence to the jury. The jury convicted
appellant of the complainant’s murder on November 15, 2007. 
Admission of Extraneous Bad Act
          In his sole point of error, appellant argues that the trial court erred in admitting
testimony of an inadmissible extraneous bad act. The State argues that appellant
failed to preserve his error by failing to make a timely objection.
 
          Waiver
          In order to preserve error, an objection must be timely and sufficiently specific
to make the trial court aware of the complaint, unless the specific grounds were
apparent from the context. See TEX. R. APP. P. 33.1; see also Luna v. State, 268
S.W.3d 594, 604 (Tex. Crim. App. 2008) (“If a defendant fails to object until after an
objectionable question has been asked and answered, and he can show no legitimate
reason to justify the delay, his objection is untimely, and any claim of error is
forfeited.”); see also Berry v. State, 233 S.W.3d 847, 856–57 (Tex. Crim. App. 2007)
(holding rule 404(b) objection not timely and error not preserved when defendant
objected to extraneous bad act testimony after prosecution witness had already fully
testified regarding extraneous bad act).
          The following exchange took place between the State and HPD Officer Garza:
[State]: What, if anything, do you observe the defendant
doing while he’s sitting in the room after his
interview?
 
[Garza]:I was sitting there watching him. He’s sitting down
in the chair. All of a sudden, he started grabbing
himself—grabbing himself and after he grabbed
himself, he would put his hand to his face and as far
as a gratifying pleasure and smiling, like he knew
what he had done. He was, I guess—
 
[Appellant]: Objection to characterization.
[Court]: Sustained.
[State]: Remember, you can only testify regarding what you
observed.
 
[Garza]:It was more of a gratification, what he was doing.
[State]: Now, when you said “grabbed himself,” the record
needs to be clear.
 
[Garza]:His crotch area.
[State]: Was it on the outside or the inside of his pants?
[Garza]:It was on the inside of his pants.
[State]: Once he grabbed himself on the inside of his pants,
where did his hand go to?
 
[State]:His hand went straight to his nose, facial area.
[Appellant]: Your honor, may we approach?
[Court]: Yes, sir.
[At the bench, on the record]
[Appellant]: I’m going to object to this line of testifying as
extraneous bad act, which has no relevance, more
prejudicial than probative.
 
[Court]: Objection overruled.
          Appellant cites this portion of the record as the basis of his claim. Here,
appellant did not object until after Garza fully testified regarding the extraneous bad
act. Appellant failed to timely object to Garza’s testimony. See TEX. R. APP. P. 33.1;
see also Luna, 268 S.W.3d at 604; see also Berry, 233 S.W.3d at 856–57. Therefore,
appellant has failed to preserve error. Because error was not preserved, we need not
address whether testimony of the extraneous bad act was inadmissible under Texas
Rules of Evidence 402, 403 and 404. See Tex. R. App. P. 47.1; see also Keehn v.
State, 233 S.W.3d 348, 349 (Tex. Crim. App. 2007).
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Jennings, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.4.